## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Senior Judge Raymond P. Moore

Civil Action No. 23-cv-01175-RM-STV

DIANNA GRACE REUTER,

    Plaintiff,

v.

CITY OF MONTROSE POLICE DEPARTMENT,

    Defendant.

___

## ORDER
___

Before the Court is the Recommendation by United States Magistrate Judge Scott T. Varholak (ECF No. 74) to grant Defendant's Motion to Dismiss (ECF No. 33). Plaintiff has filed an Objection to the Recommendation (ECF No. 77). For the reasons below, the Court overrules the Objection and accepts the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**I.**    **LEGAL STANDARDS**

    **A.**    **Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district court may review a magistrate's report

under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

### B. Dismissal under Fed. R. Civ. P. 12(b)(6)

A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003). In evaluating such a motion, the Court accepts as true all well-pleaded factual allegations in the complaint, views those allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555, and conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

### C. Treatment of a Pro Se Plaintiff's Complaint

The Court liberally construes Plaintiff's pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But a pro se plaintiff must follow the same rules of procedure that govern other litigants, and the Court does not supply additional factual allegations to round out a complaint or construct legal theories on her behalf. *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). The Court may excuse a pro se plaintiff's failure to cite proper legal authority, confusion about various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements, but it does not act as her advocate. *See Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

As outlined in the Recommendation, Plaintiff filed this pro se lawsuit after an encounter with several of Defendant's police officers. The details are unclear, but Plaintiff was apparently accused of leaving something in a neighbor's mailbox related to an ongoing dispute. Plaintiff alleges she was arrested for a crime she did not commit. In her Amended Complaint (ECF No. 26), she asserts multiple claims for relief under 42 U.S.C. § 1983 for violations of her Fourth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights and seeks monetary damages and injunctive relief.

Defendant's Motion was referred to the magistrate judge for a Recommendation. After it was fully briefed, the magistrate judge recommended granting the Motion because Defendant is not a proper suable entity. The magistrate judge then independently evaluated Defendant's alternative arguments for dismissal and concluded that Plaintiff failed to state a plausible claim for relief under any of the above Amendments or any unspecified federal discrimination acts.

## III. DISCUSSION

Plaintiff's Objection fails to meaningfully address the magistrate judge's analysis of the pertinent issues. Plaintiff does not mention any constitutional amendments or explain why she believes the analysis set forth in the Recommendation is wrong. She continues to rely on conclusory statements, such as the following: "Clear as day, Plaintiff was falsely arrested and falsely imprisoned." (ECF No. 77 at 2.) This is insufficient to survive Defendant's Motion. Plaintiff's contention that "[a] second amended complaint will cure any deficiencies of the first amended complaint" (*id.* at 1) is unavailing as well, as she does not provide a proposed amended

complaint or explain what additional allegations it would include.  The Court finds the Objection lacks the specificity required to focus the district court's attention on the factual and legal issues that are truly in dispute.

The Court discerns no error on the face of the record and agrees with the magistrate judge's analysis of the issues presented in the Motion.  *See Gallegos v. Smith*, 401 F. Supp. 3d 1352, 1356-57 (D.N.M. 2019) (applying deferential review of the magistrate judge's work in the absence of any objection); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  Therefore, the Court accepts the Recommendation in its entirety.

## IV. CONCLUSION

The Court OVERRULES the Objection (ECF No. 77), ACCEPTS the Recommendation (ECF No. 74), and GRANTS Defendant's Motion to Dismiss (ECF No. 33).  Plaintiff's pending Objection to the magistrate judge's November 27, 2023, Order (ECF No. 88) is OVERRULED AS MOOT, and the Clerk is directed to CLOSE this case.

DATED this 25th day of March, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge